**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RUBIN JASON CAMARILLO, #1192962** | **§** | |
| **Petitioner,** | **§** | |
| | **§** | |
| **v.** | **§** | **3:10-CV-1902-G-BF** |
| | **§** | |
| **RICK THALER, Director,** | **§** | |
| **Texas Department of Criminal Justice,** | **§** | |
| **Respondent.** | **§** | |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

## II. Background

On March 31, 2006, Petitioner was convicted of aggravated sexual assault of a child under the age of fourteen. *State of Texas v. Rubin Jason Camarillo*, No. F-0415045-JL (Crim. Dist. Ct. No. 5, Dallas County, Tex., Mar. 31, 2006). He was sentenced to life in prison. On March 23, 2007, Petitioner's conviction and sentence were affirmed on direct appeal. *Camarillo v. State*, No. 05-06-00503-CR (Tex. App. – Dallas, 2007, pet. ref'd). On September 12, 2007,

the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review. PDR No. 526-07.

On March 6, 2009, Petitioner filed a state habeas petition. *Ex parte Camarillo*, No. 72,168-01. On July 1, 2009, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On September 22, 2010, Petitioner filed this federal petition for habeas relief. Petitioner argues he received ineffective assistance of counsel when counsel:

(1) failed to object to the prosecutor's voir dire regarding Petitioner's right to testify;

(2) failed to object that the victim's outcry was coerced, suggested and not spontaneous;

(3) failed to obtain an expert witness to testify regarding the reasons children lie about sexual abuse;

(4) opened the door to the admission of extraneous offenses when he examined a witness about her drug use;

(5) failed to object to the prosecutor's vouching for the victim's credibility during closing arguments;

(6) failed to object to the state's introduction of inadmissible evidence.

On June 10, 2011, Respondent filed a motion to dismiss arguing that the petition is barred by limitations. Petitioner did not file a response. The Court now finds the petition should be dismissed as time-barred.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

review is pending. *Id.* § 2244(d)(2).

The Fifth District Court of Appeals affirmed Petitioner's conviction on March 23, 2007. On September 12, 2007, the Texas Court of Criminal Appeals denied the petition for discretionary review. The conviction became final ninety days later, on December 11, 2007. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until December 11, 2008, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On March 6, 2009, Petitioner filed a state habeas petition. This petition did not toll the limitations period because it was filed after the one-year limitations period expired.

Petitioner was required to file his federal petition by December 11, 2008. He did not file his petition until September 22, 2010. The petition is therefore untimely.

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128

(5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner argues he is entitled to tolling of the limitations period because the AEDPA limitations period is unconstitutional. This claim is without merit. *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (denying claim that AEDPA limitations period is unconstitutional); *Jones v. U.S. ex. rel. Dept. of Justice*, 412 Fed. Appx. 690 at *1 (5th Cir. 2011) (per curiam) (same).

Petitioner has not shown that he was misled by the state or prevented in some extraordinary way from asserting his rights. He has not shown that he is entitled to equitable tolling.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 26th day of September, 2012.

**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).